UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER F.,

      Plaintiff,

 v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

Case No. C20-5286-MLP

ORDER

## I.   INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred in assessing certain medical opinions. (Dkt. # 20 at 1.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.   BACKGROUND

Plaintiff was born in 1983, has an 11th-grade education, and has no past relevant work. AR at 284-85. In June 2018, Plaintiff applied for benefits, alleging disability as of February 2,

ORDER - 1

2006.[1] AR at 238-43. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 139-42, 146-51. After the ALJ conducted hearings in August and December 2019 (*id*. at 33-84), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 15-27.

Utilizing the five-step disability evaluation process,[2] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since the application date.

Step two: Plaintiff has the following severe impairments: seizure disorder status post-traumatic brain injury; possible hearing loss on the left; right shoulder disorder; disruptive disorder not otherwise specified; and cannabis dependence.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[3]

Residual Functional Capacity ("RFC"): Plaintiff can perform medium work with additional limitations: he can never climb ladders, ropes, or scaffolds. He can never work at unprotected heights or around moving mechanical parts (*i.e.* no dangerous machinery). He cannot operate a motor vehicle. He can withstand occasional exposure to extreme cold. He can frequently interact with supervisors and co-workers. He can occasionally interact with the public.

Step four: Plaintiff cannot perform past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 15-27.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

---

[1] At the administrative hearing, Plaintiff amended his alleged onset date to June 29, 2018. AR at 50.
[2] 20 C.F.R. §416.920.
[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

### III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.    DISCUSSION

**A.    The ALJ Harmfully Erred in Assessing the State Agency Psychological Opinions**

Plaintiff challenges the ALJ's assessment of the State agency psychological opinions describing, *inter alia*, cognitive limitations. *See* AR at 116-18, 134-36. Specifically, the State agency consultants found that Plaintiff was limited to performing simple instructions, and was "capable of performing 1-3 step instructions in a work environment with occasional lapses in

ORDER - 3

1 [concentration, persistence, and pace], but is able to complete a normal workday/workweek with

2 usual and customary breaks and rest periods." *Id*. at 116-17, 135. The ALJ did not include these

3 limitations in the RFC assessment. *Id*. at 20.

4       Under the regulations applicable to this case, an ALJ "will not defer or give any specific

5 evidentiary weight, including controlling weight, to any medical opinion(s) or prior

6 administrative medical finding(s)[.]" 20 C.F.R. § 416.920c(a).[4] The ALJ must articulate and

7 explain the persuasiveness of an opinion or prior finding based on "supportability" and

8 "consistency," the two most important factors in the evaluation. *Id*. at (a), (b)(1)-(2). The "more

9 relevant the objective medical evidence and supporting explanations presented" and the "more

10 consistent" with evidence from other sources, the more persuasive a medical opinion or prior

11 finding. *Id*. at (c)(1)-(2).

12       In this case, the ALJ summarized the State agency opinions as concluding that Plaintiff

13 has "moderate limitations in all areas of mental functioning, but is generally able to persist at 1-3

14 step tasks due to additional interactive limitations[.]" AR at 24. The ALJ found that the State

15 agency opinions were not persuasive because they "reflect the claimant's allegations of difficulty

16 interacting with others due to irritability." *Id*. The ALJ stated that most of Plaintiff's mental

17 status examinations were normal and describe Plaintiff as showing euthymic mood, and the ALJ

18 also cited Plaintiff's ability to handle his own finances, help someone fix a curtain, water a

19

20

21

---

22 [4] "A prior administrative medical finding is a finding, other than the ultimate determination about [disability], about a medical issue made by our Federal and State agency medical and psychological
23 consultants at a prior level of review . . . in [a] claim based on their review of the evidence in your case record[.]" 20 C.F.R. § 416.913(a)(5).

ORDER - 4

garden, and spend time with other people.[5] *Id*. The ALJ concluded that the State agency opinions "overstate [Plaintiff's] mental limitations[.]" *Id*.

The ALJ's initial summary of the State agency opinions is inaccurate: the State agency consultants did not suggest that Plaintiff's cognitive limitations were connected to his "additional interactive limitations." *See* AR at 24. Moreover, the ALJ did not explicitly reference consistency or supportability in connection with the State agency opinions. The ALJ's reference to various pieces of evidence does not satisfy the ALJ's obligation to explain how that evidence pertains to the supportability or consistency of the State agency opinions. *See* 20 C.F.R. § 416.920c(b)(2) ("[W]e will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision."). Furthermore, as argued by Plaintiff, the evidence referenced by the ALJ does not pertain to the cognitive limitations described by the State agency consultants.

Because the ALJ failed to address the supportability or consistency of the State agency psychological opinions and did not explain why the cognitive limitations therein were not persuasive, the ALJ did not comply with the Commissioner's regulations and thus erred in failing to account for all of the limitations identified by the State agency psychological consultants in the RFC assessment. The ALJ must reconsider those opinions on remand.

**B.     The ALJ Did Not Harmfully Err in Assessing the Opinion of Alysa Ruddell, Ph.D.**

Dr. Ruddell examined Plaintiff on June 4, 2018, and completed a DSHS form opinion describing his psychological symptoms and limitations. AR at 515-19. In accordance with the process for evaluating opinion evidence set forth in 20 C.F.R. § 416.920c, the ALJ found the

---

[5] The ALJ also cited Plaintiff's ability to attend the University of Washington (AR at 24), but the ALJ relied on evidence that was later discovered to apply to someone other than Plaintiff and therefore removed from the record. *See id*. at 723.

ORDER - 5

opinion not persuasive because it is inconsistent with the many normal mental status examinations in the record and inconsistent with Plaintiff's ability to use public transportation and participate in activities he enjoys. *Id.* at 24.[6]

Plaintiff argues that the ALJ erred in finding Dr. Ruddell's opinion to be inconsistent with normal "mental status exams" because the ALJ did not cite full mental status examinations, but instead only referred to treatment notes that contain cursory findings related to Plaintiff's mental status. (Dkt. # 20 at 5.) The Court agrees that the treatment notes cited by the ALJ do not contradict Dr. Ruddell's findings in every respect, but they do contain findings that are inconsistent with Dr. Ruddell's findings in at least some respects, as to such issues as mood, affect, and hallucinations. *See* AR at 557, 560, 563, 566, 625, 628, 656, 660, 664, 668, 672, 676, 680, 684, 688, 692, 695, 698, 701. Plaintiff has not shown that the ALJ erred in finding Dr. Ruddell's opinion to be inconsistent with these treatment notes.

Furthermore, the ALJ identified evidence that Plaintiff engages in at least one activity that is reasonably inconsistent with Dr. Ruddell's opinion: Plaintiff's ability to use public transportation is reasonably inconsistent with Dr. Ruddell's opinion that Plaintiff would have marked limitations in his ability to complete detailed tasks or adapt to changes in a routine setting. *See* AR at 517, 559, 562.

Thus, although the ALJ's rationale contains some error, the Court finds that error to be

---

[6] The ALJ also indicated that Dr. Ruddell's opinion was less persuasive because it was rendered for the purpose of determining Plaintiff's eligibility for benefits, and because it predated the adjudicated period by about three weeks. AR at 24. Neither the purpose for which Dr. Ruddell's opinion was secured nor the fact that Dr. Ruddell's opinion was written less than a month before the alleged onset date pertains to any of the persuasiveness factors listed in the regulations. *See* 20 C.F.R. § 416.920c(c)(1)-(5). The ALJ's error in relying on these aspects of Dr. Ruddell's opinion is harmless, however, because the ALJ did address the consistency of Dr. Ruddell's opinion with the remainder of the record, which is one of the most important persuasiveness factors.

ORDER - 6

harmless in light of the substantial evidence supporting the ALJ's finding that Dr. Ruddell's opinion is inconsistent with treatment notes and Plaintiff's activities.

## V.  CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED, and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider the State agency psychological opinions.

Dated this 30th day of November, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge